LAMAR, Justice,
concurring in part and dissenting in part:
¶ 18. I agree that BCI is not entitled to compensatory damages and that the jury should not have been instructed on compensatory damages, as BCI conceded it suffered no actual damages due to the breach of the BPA. I also agree that BCI is entitled to nominal damages in this case. However, I must dissent to the majority’s decision to render on the issue of nominal damages, opining that, because “the jury’s award of $1,000 is well within the continuum of legitimate nominal-damage awards, any error in instructing the jury regarding compensatory damages is harmless.” (Maj. Op. at ¶ 15). Even though the jury was correctly instructed on nominal damages, it also was instructed on compensatory damages.[9] It is not clear from the verdict form whether the jury intended the $1,000 awarded to be nominal or compensatory damages; indeed, as the majority recognizes, the circuit court assumed the jury intended to award BCI compensatory damages when it labeled the $1,000 award as “compensatory damages” in the “Judgment” entered. (Maj. Op. at ¶ 6). Therefore, I would affirm the judgment of the Court of Appeals in part as to breach of contract and reverse in part as to damages. I would remand the issue of nominal damages to the Circuit Court of Madison County, with instructions to reconsider Banks’s motion for remittitur and determine nominal damages.[10] If the circuit court determined it appropriate, it would be free to deny remittitur and enter the jury’s award of $1,000 as nominal dam *1228 ages, the result reached by the majority. However, this decision should be made by the trial court, not this Court.
CARLSON, P.J., joins this opinion.

. Jury Instruction No. 17 provided that:
You are instructed that, if you do find for the plaintiff on the issue of damages, you must confine your verdict to reasonable compensation for the injuries actually sustained, if any, by the Plaintiff as a result of Al Banks’ breach of his Business Protection Agreement with Business Communications, Inc.

. A plaintiff against whom a remittitur is granted has the option of accepting the remit-titur or requesting a new trial limited to damages. Gatewood v. Sampson, 812 So.2d 212, 223 (Miss.2002) (citation omitted). My decision would not preclude BCI from rejecting the trial court's remittitur (if granted) and requesting a new trial on damages, but a new *1228 trial, if requested, would be limited to nominal damages only.